IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN F. BONETE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NIPASON, INC. d/b/a NORI SUSHI | ) |
| CHICAGO and MMSG, LLC d/b/a | ) |
| NORI SUSHI CHICAGO | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Edwin F. Bonete, by and through his attorneys, for his Complaint against Nipason, Inc. and MMSG, LLC d/b/a Nori Chicago (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiff overtime wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

### THE PARTIES

4. Plaintiff Edwin F. Bonete resides and is domiciled in this judicial district.

5. Plaintiff Edwin F. Bonete is a former employee of Defendants.

1

6. During the course of his employment, Plaintiff Edwin F. Bonete handled goods that moved in interstate commerce; for example, Plaintiff handled seaweed and rice cookers that traveled in interstate commerce.

7. During the course of his employment, Plaintiff Edwin F. Bonete performed non-exempt work of cooking in Defendants' restaurants.

8. Defendants Nipason, Inc. and MMSG, LLC d/b/a Nori Chicago are corporations doing business within this judicial district. Defendants are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. Defendants Nipason, Inc. and MMSG, LLC share food, employees, and supplies among the two restaurant locations.

10. During his employment with Defendants, Plaintiff worked at both Nipason, Inc. and MMSG, LLC.

11. The restaurants share the same time keeping and payroll procedures.

12. According to documents submitted to the Illinois Secretary of State, Defendants Nipason, Inc. and MMSG, LLC have the same registered agent, President, and LLC Member -- Kunapod Kammaty.

13. Defendants Nipason, Inc. and MMSG, LLC were Plaintiff's "employer(s)" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

14. Defendants operate three Japanese restaurants in this judicial district.

15. The restaurants operate as a unified operation and common enterprise with a

common business purpose.

16. The restaurants share supplies, including but not limited to, vegetables, meat, and napkins.

17. The restaurants also share employees.

18. The restaurants maintain a website (www.norichicago.com) and all go by the name "Nori."

19. Plaintiff worked at two locations: the 1393 N. Milwaukee, Chicago, Illinois location and the 954 W. Diversey Parkway, Chicago, Illinois location.

20. Plaintiff worked as a cook for the Defendants at both locations.

21. Plaintiff worked for Defendants from October 2011 to February 2017.

22. Defendants failed to pay Plaintiff overtime wages at a rate of one and one half times his regular rate for all hours worked over 40 in a workweek.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

24. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. During the course of his employment by Defendants, Plaintiff was not exempt

from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

28. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

29. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

30. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants failed to pay them overtime wages for work performed in excess of 40 hours per week.

32. Department of Labor regulations, at 29 CFR Part 516, requires employers to maintain and preserve payroll or other records that reflect, for each employee, *inter alia*, the hours worked each workday and total hours worked each workweek; and in any workweek in which overtime compensation is due, the employee's regular hourly rate of pay, the total weekly straight-time wages and premium pay for overtime hours.

33. Defendants violated 29 CFR Part 516 by failing to keep and maintain accurate and complete time and pay records.

34. Defendants willfully violated the Fair Labor Standards Act.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all time Plaintiff worked in excess of 40 hours per week;

      B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

      C.      Reasonable attorneys' fees and costs incurred in filing this action; and

      D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

35. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

36. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

37. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

38. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

39. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

40. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

41. Defendants violated the Illinois Minimum Wage Law by refusing to compensate

Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

42. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours Plaintiff worked in excess of 40 hours in a workweek;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 26, 2017  **EDWIN F. BONETE**

By: _/s/Carlos G. Becerra
One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, IL 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com